**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Angelina Chavez,

Plaintiff,

v.

Wells Fargo Bank NA, et al.,

Defendants.

No. CV-26-07702-PHX-JAT

**ORDER**

Pending before the Court is Plaintiff's motion to proceed in forma pauperis. (Doc. 3). Earlier this year, Plaintiff filed another case that was assigned to the undersigned: CV 26-2612-PHX-JAT. In that case, Plaintiff was granted in forma pauperis status.

However, the Court notes major discrepancies between Plaintiff's financial information provided in that case and the information provided in this case. Specifically, as of April of this year, Plaintiff claimed to be paying $750.00 per month in rent. (CV 26-2612-PHX-JAT, Doc. 2). In this case, filed in October 2026, Plaintiff claims to own a home valued at $700,000.00, on which she makes a $1,000 monthly payment. (Doc. 3). In both cases, Plaintiff claims to receive $1,385.00 per month in retirement as her only source of income.[1] In both cases, Plaintiff claimed her monthly expenses exceeded $1,385.00 (albeit for different expenditures), and that she has no savings.

The Court cannot understand how someone who had no savings as of April 2026,

[1] In another case filed the same day as this one, Plaintiff lists a second source of income for an additional $250.00 per month but does not list a home. CV 26-7697-PHX-DWL (Doc. 2).

and whose expenses exceed their income every month, acquired a $700,000.00 home in the last six months. This causes the Court to question the veracity of the application to proceed in forma pauperis. Accordingly, the application will be denied. Plaintiff must either pay the filing fee or file a renewed application to proceed in forma pauperis and explain, with additional pages if necessary, how Plaintiff purchased her home, and how Plaintiff is paying her expenses that exceed her income every month.

Additionally, in the prior case, the Court issued an Order that stated:

> On April 16, 2026, Plaintiff filed a "complaint" and an application to proceed in forma pauperis. (Docs. 1-2). Generally, 28 U.S.C. § 1915(e)(2) provides that this Court should screen all in forma pauperis complaints. *See Kennedy v. Andrews,* 2005 WL 3358205, *2 (D. Ariz. 2005); *Hairston v. Juarez,* No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).
>
> In this case, however, the Court cannot proceed to screening because there is no complaint on file that satisfies Federal Rule of Civil Procedure 3. Rule 3 provides: "A civil action is commenced by filing a complaint with the court."
>
> At Document 1 in this case, Plaintiff filed a form complaint which contains pre-printed sections. After the pre-printing in each section, Plaintiff hand wrote something. However, Plaintiff's handwriting is so illegible, the Court cannot discern what she is alleging.
>
> Local Rule Civil 7.1(b) states:
>
>> The body of all documents shall be typed double-spaced and shall not exceed 28 lines per page; they shall not be single-spaced except for footnotes and indented quotations. All pleadings, motions and other original documents filed with the Clerk shall be in a fixed-pitch type size no smaller than ten (10) pitch (10 letters per inch) or in a proportional font size no smaller than 13 point, including any footnotes….
>
> In other cases, the Court has allowed exceptions to this typing requirement if a plaintiff explains why typing is not possible. In this case, Plaintiff offers no explanation for her failure to comply with Local Rule Civil 7.1(b). Moreover, because the Court cannot read Plaintiff's handwriting, the typing requirement is even more critical.
>
> Because the Court cannot read Plaintiff's complaint, the Court cannot conclude that a "complaint" under Rule 3 has been filed to commence this action. Further, the Court cannot screen the "complaint" under 28 U.S.C. § 1915(e)(2).

(CV 26-2612-PHX-JAT, Doc. 5, (footnote omitted)).

In this case, Plaintiff has not been granted in forma pauperis status, so the Court will

not screen the complaint at this time. However, the Court attempted to read the handwritten complaint and finds that it has the same deficiencies as the complaint in CV 26-2612-PHX-JAT. Namely, the complaint fails to comply with Local Rule Civil 7.1(b) because it is not typed, and the Court cannot read Plaintiff's handwriting.

Thus, if Plaintiff chooses to renew her application to proceed in forma pauperis, Plaintiff must simultaneously file a typed version of her complaint so the Court can screen it. If Plaintiff chooses to pay the filing fee, Plaintiff is cautioned that her complaint may be dismissed because the Court (and presumably the Defendants) cannot read it.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis (Doc. 3) is denied. Within 14 days of the date of this Order, Plaintiff must either pay the filing fee or file a renewed motion to proceed in forma pauperis.[2] If Plaintiff neither pays the filing fee nor files a renewed motion to proceed in forma pauperis that complies with this Order, the Court will dismiss this case.

Dated this 27th day of October, 2026.

James A. Teilborg
Senior United States District Judge

[2] Any renewed motion to proceed in forma pauperis must be accompanied by a typed version of the complaint or a motion seeking an exception from Local Rule 7.1(b). Any such motion must be printed in a legible format.