**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Angelina Chavez,<br>Plaintiff,<br>v.<br>Wells Fargo Bank NA, et al.,<br>Defendants. | No. CV-26-07702-PHX-JAT<br>**ORDER** |

On October 27, 2026, this Court entered an Order in this case denying Plaintiff's in forma pauperis application due to discrepancies in her financial reporting as compared to her other cases in this district. (Doc. 7 (citing CV 26-2612-PHX-JAT and CV 26-7697-PHX-DWL)). Plaintiff has re-filed her in forma pauperis application. (Doc. 11). The re-filed application has created more discrepancies between her original filing in this case and her other two cases. For example, Plaintiff has now added people who allegedly owe her septillions of dollars. (Doc. 11 at 3). Additionally, Plaintiff previously listed owning no home and later owning a home valued at $700,000.00. (Doc. 7 at 1). Now, she claims to own a home valued at $250,000.00. (Doc. 11 at 3). Further, Plaintiff reported on October 21, 2026, that she was paying $1,000.00 per month for either her rent or mortgage (Doc. 3 at 4), but has increased that number to $5,000.00 per month in her renewed application (Doc. 11 at 4) filed 13 days later.

This Court should deny (or revoke) in forma pauperis status if the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2). While the Court cannot determine Plaintiff's

allegation of poverty is untrue, Plaintiff's constantly changing account of her finances makes the Court seriously question her truthfulness. Although Plaintiff is signing these applications under penalty of perjury, at a minimum Plaintiff is not taking seriously the requirement that she be accurate. For these reasons, the renewed application to proceed in forma pauperis will be denied.

Additionally, in the October 27, 2026 Order, the Court discussed the fact that the Court cannot read Plaintiff's handwriting. (Doc. 7 at 2–3). The Court further explained to Plaintiff, as the Court did in Plaintiff's prior case, that Local Rule Civil 7.1(b) requires her filings to be typed. In both cases the Court required Plaintiff to either type her filings or file a motion asking for leave to deviate from the Local Rule and explain why she cannot type her filings. Plaintiff ignored this portion of the Order, instead filing three additional handwritten motions. (Docs. 9-11).

Further, Plaintiff's failure to type her filings is unjustified because Plaintiff has filed a motion to file electronically. (Doc. 4). In that motion she certified that she can comply with the Court's electronic filing requirements which not only requires typed documents, but text searchable typed documents. Thus, Plaintiff has no excuse for her refusal to follow the Civil Local Rules and her refusal to comply with Court orders.

This Court will dismiss this case under Federal Rules of Civil Procedure 3 and 41(b). Under Rule 3, "A civil action is commenced by filing a complaint with the court." The Court will not consider a document it cannot read due to Plaintiff's handwriting to be a complaint that commenced the case. Further, under Rule 41(b) Plaintiff must comply with Court orders. The Court ordered Plaintiff to type her complaint, to re-file her typed complaint, or to file a motion explaining to the Court why she cannot comply (notwithstanding that she has already filed a document attesting that she can comply). Plaintiff ignored this Order.

Before dismissing for failure to comply with a Court order, the Court is required to consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Turning first to less drastic sanctions, the Court has given Plaintiff an opportunity to cure and she refused; thus, no lesser sanction is available (nonetheless, the Court will dismiss without prejudice). As to factors one and two, the Court cannot manage its docket or expeditiously resolve a case if the Court cannot read the complaint. Finally, presumably the 38 Defendants (*see* Docs. 1, 9–10) would all be prejudiced by having to defend a complaint they cannot read. Thus, all factors but one favor dismissal.

Accordingly,

**IT IS ORDERED** that the application to proceed in forma pauperis is denied (Doc. 11). Before Plaintiff can file any motion to reconsider this Order or to alter or amend the judgment, she must pay the filing fee in full.

**IT IS FURTHER ORDERED** that this case is dismissed, without prejudice, for the reasons stated above, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

Dated this 10th day of November, 2026.

James A. Teilborg
Senior United States District Judge